UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| U.S. MICRO CORPORATION, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | 1:03-CV-3634-MHS |
| NORTH AMERICAN VAN LINES, INC., | : | |
| | : | |
| Defendant and Third-party Plaintiff, | : | |
| v. | : | |
| D & I CARGO EXPRESS, INC., et al., | : | |
| | : | |
| Third-party Defendants. | | |

### ORDER

This action is before the Court on the motion of third-party defendant Henry's Trucking, Inc., to set aside default judgment entered against it. For the following reasons, the Court denies the motion.

AO 72A
(Rev.8/82)

Background

On October 29, 2003, U.S. Micro Corporation (U.S. Micro) filed this action against North American Van Lines, Inc. (NAVL), seeking to recover for alleged damage to computer equipment that U.S. Micro had contracted with NAVL to ship from New York to Georgia via New Jersey in March 2002. NAVL filed a third-party complaint against D&I Cargo Express, Inc. (D&I), which handled the shipment from New York to New Jersey, and Performance Transportation, Inc. (Performance), which handled the shipment from New Jersey to Georgia. On August 27, 2004, after learning that Performance had brokered the shipment to Henry's Trucking, Inc. (Henry's), NAVL filed an amended third-party complaint adding Henry's as a third-party defendant.

As a motor carrier authorized to transport freight in interstate commerce, Henry's, a New Jersey corporation with its principal place of business in New Jersey, was required to appoint a registered agent for service of process in every state through which it operated. To accomplish that, Henry's selected a so-called "Blanket Company," Evilsizor Transportation Services (Evilsizor), whose Process Agent for the state of Georgia was Tom B. Agerton, 16 Forest Parkway #206, Admin. Bldg., Forest Park, Georgia 30297.

2

On September 9, 2004, NAVL served Henry's by having a summons and copy of the third-party complaint personally delivered to Mr. Agerton at the designated address. NAVL filed proof of service with the Court on September 13, 2004. Henry's failed to file responsive pleadings, and on September 30, 2004, the Clerk entered Henry's default.

Shortly thereafter, the other parties reached a settlement agreement under which NAVL paid U.S. Micro $15,000. Subsequently, NAVL moved for default judgment against Henry's in the amount of $62,207.82, representing the $15,000 settlement amount plus $47,207.82 in attorneys' fees and costs. On June 20, 2005, the Court granted NAVL's motion. Final judgment was entered against Henry's on June 21, 2005.

On February 20, 2006, Henry's filed a motion to set aside the default judgment. Henry's asserts that it never received the summons and third-party complaint nor any correspondence from Mr. Agerton regarding this matter. According to Henry's, it first learned of this action and the default judgment in November 2005 when NAVL sought to record the judgment in New Jersey. Since then, counsel for Henry's has telephoned Mr. Agerton

3

several times and personally visited his office once, but he has not returned any of the messages left for him.

Discussion

Henry's seeks to set aside the default judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.[1] Rule 60(b)(1) provides for relief from judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." To obtain relief under Rule 60(b)(1), "a defaulting party must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003)(quoting Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)).

---

[1] Henry's also relies on Rule 60(b)(6), a catch-all provision which provides for relief for "any other reason justifying relief from the operation of the judgment." However, since Henry's motion clearly falls under subsection (1), it is precluded from seeking relief under subsection (6) as well. See U.S. v. Real Property and Residence, 920 F.2d 788, 791 (11th Cir. 1991)(Subsection (6) "applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)).

4

Henry's contends that it has satisfied all three requirements. First, as evidence of a meritorious defense, Henry's points to a letter from NAVL's operations manager acknowledging that "the damage was incurred at the shipper and is in no way tied to the carrier (Performance/Henry's Trucking)." Second, Henry's argues that setting aside the judgment would not unfairly prejudice NAVL because it would merely place NAVL back in its original position of having to prove that Henry's was liable for the damage to the cargo. Finally, Henry's contends that there is a good reason for its failure to reply to the third-party complaint in that it reasonably relied on Evilsizor and its Process Agent, Mr. Agerton, to properly forward any suit papers to Henry's, but that they failed to so.

In response, NAVL denies that Henry's has a meritorious defense, contending that the letter from its operations manager referred to only one of the three shipments involved, and that subsequent evidence uncovered in discovery showed that the letter was incorrect even as to that one shipment. NAVL also contends that vacating the judgment would be unfairly prejudicial because NAVL would be forced to litigate with Henry's after all the other parties have settled, and because the passage of time and the departure of

key employee witnesses would make it difficult for NAVL to establish its claim. Finally, NAVL argues that the failure of Henry's own designated agent to forward the suit papers does not constitute a good reason for its failure to respond to the third-party complaint.

The Court concludes that Henry's has failed to carry its burden to set aside the default judgment. First, although Henry's has submitted some evidence that it was not responsible for the damage to one of the three shipments involved, in light of conflicting evidence cited by NAVL as to that shipment and the fact that two other shipments were also involved as to which Henry's has produced no evidence, the Court finds that the letter cited by Henry's does not amount to "a meritorious defense that might have affected the outcome." <u>Worldwide Web</u>, 328 F.3d at 1295.

Second, NAVL would be substantially prejudiced by having the default judgment set aside. NAVL agreed to pay a settlement to U.S. Micro based on evidence that U.S. Micro had tendered the cargo to D&I in good order, and that D&I had tendered the cargo to Henry's in the same condition it was received. Absent Henry's participation in the case to present any evidence to

AO 72A
(Rev.8/82)

the contrary, this evidence placed NAVL in a position where it had to make payment on U.S. Micro's claim. To permit Henry's to open its default now and contest its liability would unfairly subject NAVL to the possibility of inconsistent outcomes, i.e., that it was liable to U.S. Micro but not entitled to indemnity from Henry's. This prejudice is made worse by the passage of time occasioned by Henry's default, which would make it more difficult for NAVL to prove its case.

Finally, the evidence does not establish that Henry's had a good reason for failing to respond to the third-party complaint. Henry's does not dispute that Tom B. Agerton was its duly designated agent for service of process in Georgia, nor does Henry's dispute that Mr. Agerton was personally served with a summons and a copy of the third-party complaint. Although Mr. Agerton apparently failed to fulfill his duty to forward the suit papers to Henry's, this failure does not amount to excusable neglect. It was Henry's responsibility to implement minimum procedural safeguards to ensure that its agent properly handled service of process. <u>Gibbs v. Air Canada</u>, 810 F.2d 1529, 1537 (11th Cir. 1987). Henry's cites no authority for its contention that a different rule should apply when the designated agent is not an employee

AO 72A
(Rev.8/82)

of the corporation. Registered agents are frequently not employees of the corporation but instead, like Evilsizor, independent contractors. Nevertheless, it is well-settled that "service on a registered agent is no different from service in hand to the president of the corporation." <u>Peterson v. Sealed Air Corp.</u>, 902 F.2d 1232, 1236 (7th Cir. 1980). Henry's was properly served, yet for no good reason failed to respond. Therefore, the default judgment must stand.

## Summary

For the foregoing reasons, the Court DENIES third-party defendant Henry's Trucking, Inc.'s motion to set aside judgment [#86].

IT IS SO ORDERED, this 6 day of April, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)